JOHN KREDL, PETITIONER—DEFENDANT IN CERTIORARI, v. MORRIS SKLAR, RESPONDENT—PROSECUTOR IN CERTIORARI.

Submitted November 4, 1927—Decided February 16, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor in *certiorari*, *Kalisch & Kalisch*.

For the defendant in *certiorari*, *Gurtman & Walker* (*William N. Gurtman*, on the brief).

PER CURIAM.

This is a workmen's compensation case. The petitioner is John Kredl. He and his children lived in Passaic, New Jersey. He sets forth in his petition that his son, John, was killed on June 3d, 1926, in Passaic, while in the employ of the defendant in an accident arising out of and in the course of his employment, and that his dependents are his father, the petitioner, and his sisters, Mary and Elizabeth, and his brother, Joseph.

The workmen's compensation bureau awarded compensation.

The defendant employer argues two questions only.

The first is that the determination of facts and the order does not determine every factor, upon which, under the statute, the award of compensation depended, and that it is indefinite.

We think this point is not well taken. The determination and order when read as a whole, we think, determines every

factor upon which the award of compensation depended and is not indefinite.

The next point is that there was no legal justification in finding that the father of the deceased was either a partial or a total dependent upon the deceased at the time of the son's death.

We think there is no merit in this point. The testimony discloses that this family—foreigners or of foreign extraction—were desperately poor. The decedent's father was about fifty years of age. His sisters and brother were of tender years. The son John (decedent) was apparently the only bread-winner of the family at the time of his death. He worked for the defendant employer, and at the time of his death was the only member of the family having employment. He made on an average, by piece work of some sort, $20 a week. It so happened that some five months prior to the death of the son, the father, who at that time was at work, was thrown out of employment because of a strike in the local mills. He seems, according to the testimony, to have gone home and devoted himself for the next few months, up to the time of the son's death, to housework and caring for the children, and from that time forward he had no employment at all and no income at all except the $20 which his son brought home, out of which he paid the household expenses, cared for the younger children the best he could, giving his son, the wage earner, $2.50 a week for spending money. He testified that he tried repeatedly to get employment at the mills and could not.

The question is whether the finding below that the father in these circumstances was an actual dependent of the son was justified.

We think such finding was supported by the evidence, the general effect of which is recited, and cannot be disturbed. *Reardon* v. *P. & R. Ry. Co.,* 85 *N. J. L.* 90 ; *Colucci* v. *Edison Portland Cement Co.,* 93 *Id.* 332.

The judgment is affirmed, with costs.